PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

JOSEF SCHROECK,

        Petitioner,

v.

ALBERTO R. GONZALES,  *

        Respondent.

No. 04-9584

---

### ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS
### (No. A77-780-976)

---

Submitted on the briefs:**

Gordon Brad Denton, II, Boulder, Colorado for Petitioner.

Matthew H. Mead, United States Attorney, Carol A. Statkus, Assistant United States Attorney, Cheyenne, Wyoming for Respondent.

---

\*     On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

\*\*     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Petitioner Josef Schroeck is a native and citizen of Germany facing removal from this country. He petitions for review of a decision of the Board of Immigration Appeals (Board) that affirmed a decision of an immigration judge (IJ) that denied, as a matter of discretion, his applications for a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B), and for adjustment of status based on his marriage to a U.S. citizen under 8 U.S.C. § 1255(a). We dismiss the petition for review in part, and deny the petition for review in part.

Petitioner first entered the United States legally in May 1996, and last entered legally in April 1998. He overstayed his visa and was noticed to appear for that reason on December 29, 1999. He obtained permission to stay until April 22, 2001. He married his current wife, a U.S. citizen, in June 2000. Additional grounds for removal were later added based on petitioner's criminal conduct. He was convicted of assault and domestic violence in 1999, of driving while impaired in 2000, and of assault in 2001. He had also been charged with sexual assault based on events occurring in 1997, but the charges were dismissed with prejudice and no conviction resulted.

The agency charged petitioner with being deportable under 8 U.S.C. § 1227(a)(2)(E)(i) based on his conviction for domestic violence; with being inadmissible at entry under § 1227(a)(1)(A) for having engaged in prostitution (the alleged sexual assault)[3]; with being deportable under § 1227(a)(1)(B) based on overstaying his visa; and with being deportable under § 1227(a)(1)(C)(i) based on his conviction for a crime of violence (assault) for which a sentence of more than one year of imprisonment may be imposed. Petitioner conceded that he had overstayed his visa and was removable. He sought to avoid removal by applying for adjustment of status under 8 U.S.C. § 1255(a) based on his marriage to a U.S. citizen. Because one of the eligibility requirements for adjustment of status is to be admissible to the United States, petitioner also applied for a waiver of inadmissibility under 8 U.S.C. § 1182(h)(1)(B), to avoid the immigration consequences of his criminal convictions.

Although adjustment of status and a waiver of inadmissibility both have certain prerequisites that must be met, both forms of relief are matters ultimately left to the agency's discretion to decide. See 8 U.S.C. §§ 1182(h), 1255(a). The IJ assumed arguendo that petitioner had met the prerequisites, and therefore considered only whether to exercise his discretion in petitioner's favor in light of

---

[3]     The IJ did not sustain the charge that petitioner had engaged in prostitution.

the extensive record of documentary and testimonial evidence that had been created.

The IJ stated in his decision that he might be willing to overlook petitioner's three convictions, but for the testimony of a female witness who said that petitioner forcibly raped her in 1997, when she was fourteen years old. Petitioner testified that he never touched the girl, and he presented a witness who testified that the girl consented to sex with three other men on that evening. The IJ decided that petitioner's witness was not credible based on evidence that she was not living in Colorado at the time and was not present to have witnessed the events about which she testified. The IJ found "that [petitioner] did commit forcible rape upon a 14 year old girl," and concluded that he would not exercise his discretion in favor of petitioner. Admin. R. at 122.

The Board, acting through an individual member, affirmed the IJ's decision in a short decision issued under 8 C.F.R. § 1003.1(e)(5). The Board reviewed the IJ's findings of fact for clear error, see 8 C.F.R. § 1003.1(d)(3)(i), and his exercise of discretion de novo, see id. § 1003.1(d)(3)(ii). The Board questioned whether it was appropriate to rely on the alleged sexual assault as the overriding adverse factor, considering that petitioner was never convicted of a crime. But the Board rejected petitioner's argument that there was no evidence at all of a rape, and found no clear error in the IJ's conclusion that petitioner "likely had

-4-

some form of unlawful contact with the victim." Admin. R. at 4. The Board noted that Colorado has laws against contributing to the delinquency of a minor, and "that, at best, [petitioner's] behavior fell short with respect to the underlying purpose of the laws of Colorado, which specifically aim to protect children from the type of events that transpired at [petitioner's] home and business." Id. The Board concluded "that when the 1997 incident is considered along with the [petitioner's] other adverse factors, in particular his three criminal convictions, the balance of the equities shift[s] considerably against the [petitioner], and thus the Immigration Judge's ultimate decision to deny adjustment of status was correct." Id.

Petitioner argues on appeal that: (1) for the IJ to give substantial weight to the evidence that petitioner had committed a sexual assault was error under In re Thomas, 21 I. & N. Dec. 20 (BIA 1995), because the criminal charges had been dismissed with prejudice; and (2) for the IJ to, in effect, find petitioner guilty of the alleged sexual assault, when the criminal charges related to that offense were dismissed with prejudice, violated his constitutional rights. The government, relying on Morales Ventura v. Ashcroft, 348 F.3d 1259, 1261-62 (10th Cir. 2003), has moved to dismiss the petition for review for lack of

jurisdiction on the basis that the Board's discretionary decisions involved in this case are not subject to judicial review under 8 U.S.C. § 1252(a)(2)(B)(i).[4]

We have jurisdiction to determine our jurisdiction. Latu v. Ashcroft, 375 F.3d 1012, 1017 (10th Cir. 2004). Because petitioner was noticed to appear after April 1, 1997, this case is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA). Tsevegmid v. Ashcroft, 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). Under IIRIRA's permanent rules, 8 U.S.C. § 1252(a)(2)(B)(i), by its plain language, appears to bar judicial review of the agency's discretionary denial of either a waiver of inadmissibility, see 8 U.S.C. § 1182(h), or of adjustment of status, see 8 U.S.C. § 1255, among other listed forms of relief. See also Morales Ventura, 348 F.3d at 1262. Further, 8 U.S.C. § 1182(h)(2) provides that "[n]o court shall have jurisdiction to review a decision of the Attorney General to grant or deny a waiver [of inadmissibility] under this subsection." We left open in Morales Ventura the question "whether constitutional concerns might require us to construe § 1252(a)(2)(B)(i) to permit review in some circumstances," but noted that "the particular case would have to present a substantial constitutional issue."

---

[4] The government also argues that jurisdiction is barred under 8 U.S.C. § 1252(a)(2)(B)(ii), but that subsection deals with discretionary decisions other than those involved in this case.

348 F.3d at 1262.  See also Alvarez-Delmuro v. Ashcroft, 360 F.3d 1254, 1257 (10th Cir. 2004).

Our suggestion in Morales Ventura that the jurisdictional bar in § 1252(a)(2)(B)(i) was not absolute has now been superseded and made express by Congress.  In the REAL ID Act of 2005, Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 231, 310, Congress codified a new subparagraph, 8 U.S.C. § 1252(a)(2)(D), which expressly grants us jurisdiction to review constitutional claims and legal questions raised in a petition for review of the agency's otherwise unreviewable discretionary decisions, notwithstanding the jurisdictional limitations in § 1252(a)(2)(B), (a)(2)(C), "or in any other provision of this Act," that is, the Immigration and Nationality Act.  This new subparagraph was made applicable "to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of [the REAL ID Act of 2005]," that is, May 11, 2005.  Pub. L. No. 109-13, § 106(b), 119 Stat. 231, 311.  In addition, § 1252(a)(2)(B)(i) was amended to reflect that the apparent jurisdictional bar is limited by the exception provided in § 1252(a)(2)(D).  Pub. L. No. 109-13, § 106(a)(1)(A)(ii), 119 Stat. 231, 310.  As a result, the jurisdictional limitations in § 1252(a)(2)(B)(i) and § 1182(h) have been abrogated in part by § 1252(a)(2)(D), and our jurisdictional inquiry in this case is

to ask whether petitioner's issues on appeal present either a constitutional claim or a question of law.

Petitioner's first argument is that the IJ improperly based his adverse decision primarily on the evidence of petitioner's alleged sexual assault on a minor. Petitioner urges us to view this argument as a question of law, which, as we have shown above, would be within our newly-expanded jurisdiction. But the Board did its own decision in this case under 8 C.F.R. § 1003.1(e)(5) rather than an affirmance without opinion under 8 C.F.R. § 1003.1(e)(4), and, "[a]s a result, the IJ's decision does not constitute the final agency determination" that is reviewed on appeal. Cruz-Funez v. Gonzales, 406 F.3d 1187, 1190 (10th Cir. 2005). The Board's decision was based on all of petitioner's criminal conduct, not only or even primarily on the "unlawful contact" that had not resulted in a criminal conviction. See Admin. R. at 4. Because petitioner's argument does not challenge the Board's reasoning, we conclude that we lack jurisdiction to review the IJ's decision. See 8 U.S.C. § 1252(a).

Petitioner also argues that the IJ improperly required him to prove his innocence and violated his constitutional rights to due process and to avoid double jeopardy, because the IJ, in effect, acted as a criminal tribunal and found him guilty of forcible rape. The Board, sitting as an appellate court, did not reverse the IJ's finding that petitioner had committed forcible rape, and the Board

relied on the alleged sexual assault as one adverse factor weighing against petitioner, even though it considered petitioner's three convictions as more serious adverse factors. See Admin. R. at 4-5. For this reason, we have jurisdiction over petitioner's constitutional argument, notwithstanding that his challenge is nominally directed at the IJ's decision, rather than the Board's.

Petitioner's constitutional arguments are without merit because they are based on mistaken premises. Removal proceedings are civil in nature, and the extensive constitutional safeguards attending criminal proceedings do not apply. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984); United States v. Aguirre-Tello, 353 F.3d 1199, 1204 (10th Cir. 2004) (en banc). Rather, "the procedural safeguards are minimal because aliens do not have a constitutional right to enter or remain in the United States." Aguilera v. Kirkpatrick, 241 F.3d 1286, 1292 (10th Cir. 2001). An alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness. Aguirre-Tello, 353 F.3d at 1204. Therefore, when facing removal, aliens are entitled only to procedural due process, which provides "the opportunity to be heard at 'a meaningful time and in a meaningful manner.'" de la Llana-Castellon v. INS, 16 F.3d 1093, 1096 (10th Cir. 1994) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)) (further quotation omitted).

Moreover, the government's burden in removal proceedings is to prove by clear and convincing evidence that the alien is subject to removal. 8 U.S.C. § 1229a(c)(3)(A). Because petitioner conceded removability, the burden shifted to him to show that he was both statutorily eligible for relief from removal and that the Attorney General should exercise his discretion to grant that relief. 8 C.F.R. §§ 1240.8(d), 1240.11(e). Since removal is not considered to be punishment, Lopez-Mendoza, 468 U.S. at 1038, being ordered removed is not analogous to being sentenced for a criminal offense. Petitioner has not argued that he did not have an opportunity to present his case. Therefore, petitioner's arguments that his constitutional rights have been violated are without merit.

Respondent's motion to dismiss is granted in part and denied in part. To the extent that this court lacks jurisdiction, the petition for review is DISMISSED. To the extent that this court has jurisdiction, the petition for review is DENIED.