**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERIKA HELVIG THORN,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 05-9578
(No. A77-782-125)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge**, O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

Petitioner Erika Helvig Thorn seeks review of the final order of removal

requiring her to return to Hungary. She asserts that the agency decision is based

on legal error and therefore this court has jurisdiction under the REAL ID Act,

8 U.S.C. § 1252(a)(2)(D) (providing that courts of appeals retain jurisdiction to

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

review constitutional claims and questions of law). We conclude that the ruling presented for review was a discretionary decision and we lack subject-matter jurisdiction to review it. *Id.* § 1252(a)(2)(B)(i). Consequently, the petition for review is dismissed.

*Background*

Ms. Thorn is a native and citizen of Hungary who entered the United States in March 1998 on a visitor visa. In February 1999, she married William Thorn, a United States citizen, and filed for divorce in July 2001. Mr. Thorn committed suicide in December 2001, before the divorce was finalized. In February 2003, Ms. Thorn filed an I-360 immigrant visa petition, *see* 8 U.S.C. § 1151(b)(2)(A)(i), which was approved in September 2003. She then filed the petition that is the subject of this appeal: an I-485 application for adjustment of status to lawful permanent resident, pursuant to 8 U.S.C. § 1255(a), based on her status as a surviving spouse of a citizen. An Immigration Judge (IJ) denied the application, and the Board of Immigration Appeals (BIA) affirmed without opinion. Ms. Thorn then filed a petition for review with this court.[1]

The IJ held a hearing at which Ms. Thorn testified. In addition, Mr. Thorn's twin brother testified via telephone. The brother stated that he had overheard Mr. Thorn discuss receiving payment from Ms. Thorn to help her with

---

[1]    Ms. Thorn apparently has not filed a petition to review the BIA's denial of her subsequent application to reopen the agency proceedings.

her immigration procedures. Admin. R. at 107, 180. The brother also refuted Ms. Thorn's testimony that Mr. Thorn had used alcohol and illicit drugs and was often unemployed. The IJ found the brother more credible than Ms. Thorn. He concluded that the marriage was a sham, both at the time of the marriage and at the time of Mr. Thorn's death. Even though the IJ indicated that the I-360 application may have been approved in error, he recognized that he could not reevaluate the I-360 petition or rescind its approval. Rather, he declined to grant Ms. Thorn discretionary relief under § 1255 based on his findings that the marriage was a sham and was not viable at the time of Mr. Thorn's death. Accordingly, the IJ denied Ms. Thorn's application "in the exercise of discretion." *Id.* at 110.

The BIA issued an order affirming the IJ's decision without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4). Therefore, the IJ's decision is "the final substantive order for our review." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1203 (10th Cir. 2006).

## Discussion

"We have jurisdiction to determine our jurisdiction." *Schroeck v. Gonzales*, 429 F.3d 947, 950 (10th Cir. 2005). The decision to grant or deny an adjustment of status pursuant to § 1255 is a discretionary one. *Che-Li Shen v. INS*, 749 F.2d 1469, 1472 (10th Cir. 1984). By its plain language, § 1252(a)(2)(B)(i) bars judicial review of such a discretionary decision.

*Schroeck*, 429 F.3d at 950. Therefore, we are without jurisdiction to review Ms. Thorn's challenge to the IJ's denial of discretionary relief unless she has presented a constitutional claim or a question of law under the REAL ID Act. § 1252(a)(2)(D); *Ballesteros v. Ashcroft*, 452 F.3d 1153, 1156-57 (10th Cir. 2006).

Ms. Thorn asserts that the IJ committed the following legal errors: (1) in effect, he impermissibly rescinded her previously-granted I-360 petition, thereby contravening 8 U.S.C. § 1154(a)(1)(A)(i) & (ii), (2) he evaluated the bona fides of the marriage at the time of Mr. Thorn's death, rather than at the inception of the marriage, (3) he found Mr. Thorn's brother credible and Ms. Thorn not credible; and (4) he failed to resolve matters of doubt in Ms. Thorn's favor, which resulted in a due process violation.

Ms. Thorn does not claim that her case presents a constitutional issue, despite her brief mention of a due process violation. Instead, she maintains that this court has jurisdiction to decide the legal issue of whether the proper application of settled law should have resulted in a favorable discretionary ruling. This argument does not invoke our jurisdiction under the REAL ID Act, however, because "the REAL ID Act grants us jurisdiction to review [only] a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (quotation omitted). Moreover, even if Ms. Thorn's argument that the IJ improperly substituted his judgment on her I-360 petition

could be construed as an issue of statutory construction, we still lack jurisdiction because the IJ's ultimate ground for denying relief was indisputably discretionary. *Cf. Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005) ("[I]f there are two alternative grounds for a decision and we lack jurisdiction to review one, it would be beyond our Article III judicial power to review the other.").

Respondent has filed a motion to dismiss for lack of jurisdiction. The motion is granted. The petition for review is DISMISSED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge