**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BENITO MEZA-HERNANDEZ,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General; DOUGLAS MAURER, Field
Office Director, Immigration and
Customs Enforcement, Department of
Homeland Security,[*]

Respondents.

No. 06-9523
(BIA No. A73 375 431)
(Petition for Review)

---

**ORDER AND JUDGMENT**[**]

---

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

---

This petition for review, initiated in the district court as a petition for

habeas relief and later transferred to this court pursuant to the REAL ID Act of

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Douglas Maurer is substituted for
Michael Comfort as an appellee in this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311, challenges the denial by the Board of Immigration Appeals (BIA) of petitioner's application for cancellation of removal.  As explained below, we DISMISS in part and DENY in part the petition for review.

**Background:**

Petitioner Benito Meza-Hernandez (Meza) was served with a notice to appear on February 18, 1998.  He conceded removability and filed an application for cancellation of removal under 8 U.S.C. § 1229b.  Section 1229b(b)(1) requires the alien to satisfy four criteria, two of which are relevant here.  The alien must establish (1) his continuous physical presence in the United States for a period of not less than ten years, and (2) that his removal "would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."  *Id*. § 1229b(b)(1)(A), (D).

Regarding the "continuous physical presence" requirement, Meza claimed that he had lived in the United States continuously since 1987, first in Chicago, Illinois, and then in Colorado.  At his removal hearing he admitted that he had been arrested by the INS in 1995.  He remained in custody for nine days, after which he paid $70 to return to Mexico on his own.  Meza testified further that he returned to the United States after staying in Mexico for only two days.  With respect to the "hardship" requirement, Meza claimed that, if he were removed, his

two minor children, who are United States citizens, would be required to return with him to Mexico.  Based on their medical conditions, he asserted that his removal would result in exceptional and extremely unusual hardship to the children.  At the removal hearing, Meza testified that his daughter had problems with her ears, but he indicated that she was able to hear.  He also testified that his son recently suffered a liver infection and had pneumonia the year before.  Meza stated that the family had no home to go to in Mexico and he would have difficulty finding a job there.  He asserted there would be no free medical care in Mexico and he would not have money to pay for medical treatment for his children.

The immigration judge (IJ) issued an oral decision, holding that Meza failed to establish either that his removal would result in exceptional and extremely unusual hardship to the children, or that he had been continuously present in the United States for at least ten years.  The IJ also denied Meza's request for voluntary departure,[1] based upon a conclusion that Meza was previously granted voluntary departure in 1995, after which he immediately returned to the United States.

---

[1]     Voluntary departure is a form of statutory relief, by which the Attorney General may permit an alien voluntarily to depart the United States at his own expense, in lieu of being subject to, or before the completion of, removal proceedings.  8 U.S.C. § 1229c(a)(1).

Referring to Meza's testimony regarding hardship to his children, the IJ concluded:

> Although he alleges medical problems, he has not proven any and if what he says is true concerning these medical problems, he certainly has not shown that the medication or follow-up visits would be unavailable in Mexico or that these conditions would be exacerbated by the living conditions in Mexico. Moreover, the children are young. The daughter is in the early grades of school. They are from a Spanish-speaking household. I cannot find that they would suffer this type of hardship taking into account the privations they might suffer from living in Mexico because of the decreased standard of living and the medical condition also.

Admin. R. at 96-97. Regarding continuous physical presence, the IJ concluded that Meza failed to produce objective evidence of his presence in the United States during the first three years that he alleged. Although Meza testified he lived in Chicago beginning in 1987, the IJ rejected as incompetent evidence a letter purporting to confirm his employment during that time. As an alternative ground for holding that Meza failed to establish ten years' continuous physical presence, the IJ determined that Meza's return to Mexico in 1995 was a voluntary departure that interrupted his physical presence, such that Meza began to accrue time once again upon his return to the United States. *Id.* at 96.

On appeal to the BIA, Meza challenged the IJ's determinations on the continuous physical presence and hardship issues. He argued that the IJ erred in concluding that his return to Mexico in 1995–which Meza also characterized as a voluntary departure in his brief to the BIA–severed his continuous presence. He

-4-

also contended that the IJ's decision was procedurally defective because the IJ failed to make explicit credibility determinations with respect to Meza's testimony regarding the period of time he claimed to have lived in Chicago and regarding his children's medical problems. Meza therefore sought a remand in order to allow the IJ to make the missing credibility findings. The BIA affirmed per curiam, without opinion. Meza then filed a federal habeas petition, which the district court subsequently transferred to this court pursuant to the REAL ID Act of 2005.

**Discussion:**

Meza raises the same issues in his opening brief that he argued in his appeal to the BIA. He also adds a new argument–which he did not make to the BIA–that the IJ erred in finding that he was granted voluntary departure in 1995 and then improperly used that erroneous finding to disqualify him for a first voluntary departure in 1999.

Where the BIA summarily affirms an immigration judge's decision, this court reviews the IJ's analysis as if it were the BIA's. *Wiransane v. Ashcroft*, 366 F.3d 889, 897 (10th Cir. 2004). But we must first determine the extent of our jurisdiction to review the issues raised in Meza's petition. This court has jurisdiction to determine its jurisdiction. *Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004). "The [Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)] altered the availability, scope and nature of

judicial review" in immigration cases.[2] *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1261 (10th Cir. 2003) (quotation omitted). Our review of the IJ's determination that Meza failed to establish "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b is precluded by 8 U.S.C. § 1252(a)(2)(B)(i), unless Meza raises "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D); *see also Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005).

Meza argues that the IJ failed to make an explicit credibility finding on the hardship issue, and instead implicitly found his testimony not credible. He asserts that this argument raises a question of law because the IJ and the BIA acted ultra vires–first in the IJ's failure to make an adverse credibility determination, and then in the BIA's failure to remand for that determination or alternatively apply a rebuttable presumption of Meza's credibility on appeal. For this proposition, Meza relies on case law from the BIA, this circuit and other circuits in the context of applications for asylum, as well as on certain language in 8 U.S.C. § 1229a(c)(4)(C) ("There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.").

---

[2]     Because the notice to appear was served after April 1, 1997, IIRIRA's permanent rules govern this case. *See Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1261 (10th Cir. 2003).

This court has construed the term "questions of law" in § 1252(a)(2)(D) to include "a narrow category of issues regarding statutory construction." *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (quotation omitted). In so holding, we rejected a broader interpretation that would grant jurisdiction to review "all claims having a legal dimension." *Id.* at 1281. Here, Meza does not raise a statutory construction issue with respect to the IJ's discretionary hardship determination. His argument that the IJ and BIA failed to correctly apply case law does not fall within our narrow construction of "questions of law" under *Diallo*. Although Meza invokes language in 8 U.S.C. § 1229a(c)(4)(C), that provision applies only to aliens who applied for relief on or after May 11, 2005, the effective date of the REAL ID Act. *See Yan v. Gonzales*, 438 F.3d 1249, 1251 n.3 (10th Cir. 2006). Meza submitted his application seeking cancellation of removal in 1998. Consequently, we conclude that Meza raises no question of law over which this court has jurisdiction with respect to the IJ's determination that he failed to establish exceptional and extremely unusual hardship.

This court does have jurisdiction to review a constitutional claim raised by Meza. *See Brue v. Gonzales*, 464 F.3d 1227, 1232 (10th Cir. 2006) (exercising jurisdiction to review petitioner's due process claim). He argues that "[t]he failure to credit or to discredit the medical hardship testimony was tantamount to unlawfully suppressing it, which in turn violated the evidentiary rules that apply in removal proceedings." Pet'r Br. at 56. Meza asserts that this error rises to the

level of a procedural due process violation, because "[t]he cumulative effect of the ultra vires acts by the IJ and the BIA denied Mr. Meza a 'fair immigration proceeding.'" *Id.* at 62. We disagree.

Procedural safeguards in immigration proceedings "are minimal because aliens do not have a constitutional right to enter or remain in the United States." *Schroeck*, 429 F.3d at 952 (quotation omitted). Aliens facing removal proceedings are entitled only to procedural due process providing "the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* (quotation omitted). Here, Meza was not denied an opportunity to present his case. The IJ accepted and considered all of Meza's proffered testimony on the issue of exceptional and extremely unusual hardship to his children. Meza's contention that he was denied constitutional due process because the IJ made an implicit, rather than an explicit, credibility determination regarding the hardship issue is without merit. Nor has he established that a remand to require the IJ to make his credibility determination explicit would have changed the result in this case. Thus, Meza's failure to prove prejudice also leads us to reject his due process claim. *See Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 (10th Cir. 2003) (rejecting due process claim because of alien's failure to prove prejudice resulting from challenged procedures).

Because Meza must satisfy all four criteria in § 1229b(b)(1) in order to be eligible for cancellation of removal, our rejection of his due process challenge to

the IJ's hardship determination also moots his challenge to the IJ's holding that he failed to establish ten years' continuous physical presence in the United States. *See Morales Ventura*, 348 F.3d at 1262 (holding that lack of jurisdiction to review challenge to hardship determination mooted challenge to continuous presence determination). "As this challenge is moot, we have no jurisdiction to resolve it." *Id.* We therefore dismiss this portion of Meza's petition.

Finally, Meza argues that the IJ erred in finding that he was granted a statutory voluntary departure in 1995. He asserts that the IJ improperly relied upon this erroneous finding to preclude him from being eligible for a first voluntary departure following denial of cancellation of removal in 1999. Meza made this argument for the first time in his habeas petition. Because Meza failed to raise this issue in his appeal to the BIA, we lack jurisdiction to review it. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) (holding failure to raise issue on appeal to BIA constitutes failure to exhaust administrative remedies and deprives appellate court of jurisdiction). Thus, we dismiss as well this portion of Meza's petition for lack of jurisdiction.

**Conclusion:**

The petition is DISMISSED in part for lack of jurisdiction. The remainder of the petition is DENIED.

Entered for the Court


Wade Brorby
Circuit Judge