FILED
United States Court of Appeals
Tenth Circuit

December 24, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RAVI CHANDER,

        Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

        Respondent.

No. 08-9505
(Petition for Review)

---

## ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**McCONNELL**, Circuit Judge.

---

Petitioner Ravi Chander is a native and citizen of India who entered the

United States without authorization in 1999.  The government served him with a

notice to appear in 2002.  He subsequently admitted removability and applied for

adjustment of status to lawful permanent resident on the basis of his marriage to a

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States citizen. 8 U.S.C. § 1255(a). Following a hearing in 2006, the immigration judge (IJ) denied his application as a "matter of discretion," R. Vol. 1 at 67, and also denied voluntary departure. Mr. Chander sought review with the Board of Immigration Appeals, which "adopt[ed] and affirm[ed] the decision of the [IJ] insofar as he concluded that [Mr. Chander] had not met his burden of demonstrating that he warranted a grant of adjustment of status in the exercise of discretion," *id*. at 2, but reversed the decision denying voluntary departure. His petition for review from the decision denying adjustment of status is before this court.

Respondent is correct that we lack jurisdiction to review the decision because the agency denied adjustment of status as a matter of discretion and the petition does not raise any constitutional claims or questions of law. 8 U.S.C. §§ 1252(a)(2)(B)(i) & (a)(2)(D). We therefore grant his motion to dismiss the petition.

At his hearing before the IJ, Mr. Chander testified concerning two criminal charges that were eventually dropped. The first incident concerned the distribution of pornographic materials. The IJ cited his lack of candor concerning his knowledge of the illegality of his conduct. The second incident concerned a domestic violence charge and his failure to acknowledge the seriousness of the situation. Among other things, the IJ found that "[Mr. Chander] did not credibly testify with respect to . . . being charged with [distributing pornographic

material," R. Vol. 1 at 63, and his "demeanor [while testifying about the domestic violence charge] did not equal a demeanor of one who was sorry or was at least concerned about his actions against his wife and the two stepdaughters, which [sic] live in his home." *Id.* The IJ found, "[a]fter careful consideration of the evidence in the record . . . that [Mr. Chander] has not established that he merits . . . an exercise of discretion [concerning adjustment of status]." *Id.* at 67.

Mr. Chander first argues that the IJ "was hostile, prejudiced and angry," Pet'r Opening Br. at 2, and the "denial of adjustment of status . . . was clearly predicated upon a violation of due process[.]" *Id.* at 2-3. "Removal proceedings are civil in nature, and the extensive constitutional safeguards attending criminal proceedings do not apply." *Schroeck v. Gonzales*, 429 F.3d 947, 951 (10th Cir. 2005). "Therefore, when facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 952 (quotation marks omitted). Mr. Chander was afforded procedural due process.

He next argues that a determination that precludes an alien from applying for relief under § 1255 is a question of law that is reviewable on appeal. While this might be true as a general proposition, it has no relevance here because the agency denied Mr. Chander's request for adjustment of status as a matter of discretion – not because he was statutorily ineligible.

Last, he argues that he met the requirement for adjustment of status as a matter of law pursuant to § 1255(i), which concerns aliens who are otherwise ineligible for adjustment of status. The statute, by its own terms, does not apply. Mr. Chander's petition for review is DISMISSED for lack of jurisdiction.

Entered for the Court


Wade Brorby
Senior Circuit Judge