FILED
United States Court of Appeals
Tenth Circuit

May 22, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BALVINDER KUMAR KAPOOR,

Petitioner,

v.

ERIC H. HOLDER, JR.,

Respondent.

No. 11-9551
(Petition for Review)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **McKAY**, and **LUCERO**, Circuit Judges.

---

Balvinder Kumar Kapoor, a citizen of Kenya, seeks review of an order entered

by the Board of Immigration Appeals ("BIA") dismissing his asylum claim as

untimely and denying his claims for restriction on removal and protection under the

Convention Against Torture ("CAT").  Kapoor claims he was denied due process and

challenges the denial of his request for restriction on removal.  We exercise

jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Kapoor entered the United States on June 26, 2003. He was authorized to stay until December 25, 2003, but did not depart at that time. In June 2007, Kappor married a Mexican national. The couple had a daughter in October 2007.

Kapoor filed an application for asylum, restriction on removal, and CAT protection on June 23, 2006. After interviewing Kapoor, an asylum officer determined that he was not eligible for asylum. Consequently, the Department of Homeland Security ("DHS") commenced removal proceedings against Kapoor, charging him with removability as an alien who remained in the United States longer than permitted. See 8 U.S.C. § 1227(a)(1)(B). Kapoor conceded removability.

After granting two continuances, an Immigration Judge ("IJ") held a hearing on June 10, 2009. Kapoor appeared with counsel and two supporting witnesses. At the beginning of the hearing, Kapoor's attorney informed the IJ that Kapoor's wife had applied for a labor certification in January 2007 but it was unclear whether Kapoor was eligible to file as derivative to that application. The IJ noted that Kapoor and his wife had submitted applications to different agencies and, moreover, that Kapoor had not filed a derivative application with his wife's application. Therefore, the IJ decided to proceed with the hearing. Kapoor's attorney inquired whether the IJ had received a large collection of exhibits. The IJ indicated that those exhibits were not in the file.

During the hearing, Kapoor testified that he is of Indian ethnicity and he "follow[s] the Hindu system." He described "growing up as an Asian in Kenya," and attending a public school where he was insulted because of his ethnicity. Kapoor stated that although Indians are a minority in Kenya, they control 75% of the economy; consequently non-Indians harass and insult relatively well-off Indians. When asked if he had been the victim of violence, he reported two events. In 1993, he and his brother were attacked by a mob of locals during a disturbance in the street. In 2003, he was assaulted by demonstrators and subsequently arrested by immigration officers and detained for three hours. Kapoor also described being stopped for an alleged traffic violation, during which he was detained briefly and threatened with jail to induce him to pay a bribe.

Much of Kapoor's testimony related to government corruption in Kenya, including requests for bribes by police officers and other government officials. In addition, Kapoor testified that while living in Kenya he had regularly been blackmailed and felt unsafe. He stated that Indians in Kenya were often victims of crime "because the[ attackers] know that Indians are economically stable, so . . . they will have some money on them." Kapoor also testified police officers usually expected bribes because "the whole motive [for threats of jail was] money, money, money, money."

The IJ ruled that Kapoor's asylum application was untimely and that none of the exceptions to the one-year deadline applied. See 8 U.S.C. § 1158(a)(2). As to

- 3 -

Kapoor's applications for restriction on removal and CAT protection, the IJ denied them on the merits. Kapoor appealed to the BIA, which concluded that the asylum application was correctly dismissed as untimely and affirmed the IJ's determinations on the other claims.

## II

Before this court, Kapoor asserts that his due-process rights were violated at the IJ hearing because the IJ: (1) refused to admit into evidence various documents he proffered at the hearing, while accepting documents proffered by DHS; (2) made hostile and critical remarks; and (3) refused to grant a continuance to permit Kapoor to clarify the status of his wife's adjustment application. Kapoor further contends that the BIA erroneously denied his request for restriction on removal.[1] Because a single member of the BIA entered the BIA's brief affirmance order under 8 C.F.R. § 1003.1(e)(5), we review the BIA's decision as the final order of removal but "may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." Sarr v. Gonzales, 474 F.3d 783, 790 (10th Cir. 2007). In addition, "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." Id. (quotation omitted).

---

[1] Kapoor also claims that the BIA made incompatible findings, first stating that he had demonstrated past persecution, and then finding that his experiences in Kenya did not rise to the level of persecution. However, the IJ clearly found that Kapoor "ha[d] not shown past persecution or torture in Kenya." We conclude the contrary statement cited by Kapoor was a scrivener's error.

- 4 -

Although we review the BIA's legal determinations de novo, we review its factual findings under the substantial evidence standard. Witjaksono v. Holder, 573 F.3d 968, 977 (10th Cir. 2009). "The agency's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Ismaiel v. Mukasey, 516 F.3d 1198, 1204 (10th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B) (further quotation omitted)). "[O]ur review is confined to the reasoning given by the [agency], and we will not independently search the record for alternative bases to affirm." Ritonga v. Holder, 633 F.3d 971, 974 (10th Cir. 2011) (quotation omitted).

## A

In removal proceedings, "aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." Schroeck v. Gonzales, 429 F.3d 947, 952 (10th Cir. 2005) (quotation omitted). Accordingly, "the procedural safeguards are minimal because aliens do not have a constitutional right to enter or remain in the United States." Id. at 951-52.

We reject Kapoor's due-process claims. Although he asserts that the IJ rejected his proffered supporting documents, yet relied on one of them in his decision, Kapoor fails to even to identify this document. This court will not search the record for supporting references and "generally will not consider factual allegations and arguments unsupported by citation to the record." United States v. Snow, 663 F.3d 1156, 1157 n.1 (10th Cir. 2011), cert. denied, 132 S.Ct. 1615 (2012).

Nevertheless, we note that Kapoor raised this argument in his brief to the BIA, referring to a letter pertaining to his delay in filing for asylum which is an issue not before this court. Kapoor's argument that other unidentified documents would have corroborated aspects of his claim is simply too vague to warrant consideration.

Next, Kapoor charges that the IJ made hostile and critical remarks that affected the fairness of the proceedings. He has not identified any such remarks and our review of the record has revealed none.

Lastly, Kapoor asserts that he was denied due process because the IJ refused to grant a continuance to permit him to pursue his potential ability to adjust his status based on his wife's labor certification. However, the record reflects that Kapoor did not request a continuance. Moreover, Kapoor made no showing that a visa was immediately available; thus, he did not show that he was eligible for an adjustment of status. See 8 U.S.C. § 1255(a) (providing for discretionary adjustment of status if a visa is "immediately available" to the alien, among other requirements). The IJ was not required to continue the hearing sua sponte based on the mere possibility that Kapoor may have been eligible for an adjustment. Kapoor has shown neither error nor prejudice in the IJ's procedure, and thus cannot prevail. See Alzainati v. Holder, 568 F.3d 844, 851 (10th Cir. 2009) ("To prevail on a due process claim, an alien must establish not only error, but prejudice.").

**B**

Kapoor asserts that the BIA improperly denied his request for restriction on removal.[2]  "To obtain restriction on removal, the alien must demonstrate that [his] 'life or freedom would be threatened in [the proposed country of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion.'"  Tulengkey v. Gonzales, 425 F.3d 1277, 1280 (10th Cir. 2005) (quoting 8 U.S.C. § 1231(b)(3)(A)).  The BIA determined that Kapoor's experiences in Kenya did not rise to the level of persecution and that the central reason Kapoor was targeted for blackmail and threats was his perceived ability to pay the demands.

Kapoor's evidence of claimed persecution consisted of only two instances of violence, the 1993 disturbance in the street during which he and his brother were attacked and the 2003 demonstration during which he was hit and briefly jailed.  His additional evidence described a brief traffic detention; blackmail and extortion; robbery; insults; and a generalized fear of harm.  Accepting his testimony as true,[3] the BIA's determination that these events are not sufficiently severe to amount to persecution is supported by substantial evidence.  Cf. Witjaksono, 573 F.3d at 977 (distinguishing between "harassment and discrimination" and "persecution").  Even

---

[2] Although Kapoor's asylum claim was denied as untimely, the time limit for filing an asylum application does not apply to an application for restriction on removal.  Wei v. Mukasey, 545 F.3d 1248, 1250 (10th Cir. 2008); see also 8 C.F.R. § 208.4(a) (2008).

[3] "Because neither the IJ nor the BIA expressly determined whether [Kapoor] was credible, we accept his testimony as true."  Witjaksono, 573 F.3d at 977 n.9.

considering the incidents collectively, recognizing that "the cumulative effects of multiple incidents may constitute persecution," Ritonga, 633 F.3d at 975, the BIA's determination that Kapoor has not established past persecution is supported by substantial evidence.

We also reject Kapoor's past-persecution argument that he was the victim of economic deprivation. On the contrary, he testified that Indians were targeted for blackmail, extortion, and robbery because of the perception that they had money. Cf. Zhi Wei Pang v. Holder, 665 F.3d 1226, 1231 (10th Cir. 2012) (economic deprivation may constitute persecution if penalties are "so severe that [they] jeopardize[] the petitioner's life or freedom").

"Without a showing of past persecution, an alien must demonstrate that it is more likely than not that he will be individually persecuted in the future." Witjaksono, 573 F.3d at 977. "For a fear of future persecution to be well-founded, it must be both subjectively genuine and objectively reasonable." Ritonga, 633 F.3d at 976 (quotation omitted). Kapoor's claim of future persecution is based on the same events he relied on to establish past persecution. Having found that those events do not rise to the level required to prove past persecution, we conclude that they also do not establish a well-founded fear of future persecution. Kapoor has not shown that any reasonable fact-finder would be compelled to find it more likely than not that he would be persecuted upon his return to Kenya.

## III

We **DENY** the petition for review.

Entered for the Court


Carlos F. Lucero
Circuit Judge