**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANDRES ARRIAYA-FLORES,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 11-9564
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Andres Arriaya-Flores, a native and citizen of Mexico, petitions for review of

a final administrative order of removal issued by the Immigration and Customs

Enforcement agency (ICE).  Because Arriaya-Flores failed to exhaust his

administrative remedies before the agency, we DISMISS the petition for lack

jurisdiction.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

Arriaya-Flores entered this country in 2005 without inspection. In 2010, he was charged in Utah state court with violating Utah's Controlled Substances Act. The charging information alleged that Arriaya-Flores had sold detectives "42 balloons containing a substance that field tested positive for heroin" and that "a twist of a substance that field tested positive for cocaine" was found inside his car. R. at 8. He ultimately pleaded guilty to (1) attempting to arrange the distribution of a controlled substance, a third-degree felony; and (2) attempting to possess a controlled substance, a misdemeanor.

On September 9, 2011, upon Arriaya-Flores's release from state custody, ICE detained him and served him with a "Notice of Intent to Issue a Final Administrative Removal Order" on the basis that he was deportable as an aggravated felon. *Id.* at 2. The administrative record indicates that an immigration-enforcement agent "explained and/or served" the Notice of Intent in Spanish, and advised Arriaya-Flores of his right to contact the Mexican consulate, gave him a list of free legal services, and offered him an opportunity to make a telephone call, which he refused. *Id.* at 3; *see also id.* at 21. At 8:30 a.m., Arriaya-Flores signed the Notice of Intent with three boxes checked, indicating:

> I Do Not Wish to Contest and/or to Request Withholding of Removal
>
> I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above

charges. I do not wish to request withholding or deferral of removal. I wish to be removed to Mexico.

I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right.

*Id.* at 3.

On September 12, an attorney claiming to represent Arriaya-Flores hand-delivered to ICE a "Motion to District Director for Immigration Bond under INA 236(a)." Supp. R. at 1 (emphasis omitted). The motion was accompanied by, among other things, a "Form G-28, Notice of Entry of Appearance as Attorney," *id.* at 1, and argument that Arriaya-Flores's convictions did not preclude issuance of a bond. The G-28 form had been signed roughly one month earlier by Arriaya-Flores and his counsel.[1]

ICE summarily denied the request for a bond by fax on September 13. On September 15, ICE served Arriaya-Flores personally with a "Final Administrative Removal Order," R. at 1, and removed him to Mexico that day. On September 28, Arriaya-Flores's counsel requested the charging documents in the case and indicated that she had not learned of Arriaya-Flores's deportation until the day after he was transported to Mexico.

_____

[1] Counsel for Arriaya-Flores states in the opening brief that she telephoned ICE on September 8, before Arriaya-Flores was in ICE custody, seeking his alien number so she could submit the G-28 form. She also states that she faxed the G-28 form to ICE around 1:00 p.m. on September 9. Nevertheless, whether the G-28 was given to ICE on the afternoon of September 9 or on September 12 is not determinative of our analysis.

Arriaya-Flores petitions this court for review.

## DISCUSSION

Congress has established expedited removal proceedings for aliens who have been convicted of an aggravated felony and who are not legal permanent residents. *See* 8 U.S.C. § 1228(b)(1) & (2). An alien in expedited removal proceedings who has been served with a Notice of Intent to remove has several options, including filing a response to the notice in order to either "rebut the allegations contained in the Notice of Intent" or "request[ ] the opportunity to review the Government's evidence." 8 C.F.R. § 238.1(c)(1) & (2). Alternatively, the alien can concede deportability. *Id.* § 238.1(d)(1). In that event, "the deciding Service officer shall issue and cause to be served upon the alien a Final Administrative Removal Order." *Id.* ICE may not execute that order, though, "until 14 calendar days have passed from the date that such order was issued, unless waived by the alien, in order that the alien has an opportunity to apply for judicial review." 8 U.S.C. § 1228(b)(3).

Here, Arriaya-Flores waived any challenges to the Notice of Intent's charges and he conceded deportability. Further, he waived his right to remain in the United States while he sought judicial review. Although he now seeks judicial review of the agency's final removal order, arguing that his removal was improper because his convictions do not constitute aggravated felonies, he did not make that argument before waiving his rights and conceding deportability. Thus, he failed to present his argument to the agency in time for it to be administratively addressed.

- 4 -

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This jurisdictional command applies to expedited removal proceedings. *See, e.g.*, *Escoto-Castillo v. Napolitano*, 658 F.3d 864, 866 (8th Cir. 2011) (collecting cases). Exhaustion gives the agency "the opportunity to apply its specialized knowledge and experience to the matter, and to resolve a controversy or correct its own errors before judicial intervention." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1121 (10th Cir. 2007) (citation and quotations omitted).

Arriaya-Flores seeks to avoid the exhaustion rule, arguing that his waivers of "rights were involuntarily entered where [he] asked for his attorney several times and where the ICE officer failed to adequately explain . . . that by signing the [Notice of Intent] [he] was waiving his rights to counsel, his right to contest the charges and his rights to see an immigration judge for relief against removal and bond." Aplt. Br. at 45. Arriaya-Flores contends that "[t]his all violated his due process rights." *Id.*

In removal proceedings, "aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (quotation omitted). "[T]he procedural safeguards are minimal because aliens do not have a constitutional right to enter or remain in the United States." *Id.* at 951-52 (quotation omitted).

To show that his waivers were involuntary, counsel for Arriaya-Flores relies on a declaration she prepared that purports to recount a telephone conversation with Arriaya-Flores while he was in Mexico in January 2012. In the opening paragraph of that document, "[c]ounsel asks for leave to sign the [declaration] for Mr. Flores where Mr. Flores has attested to [c]ounsel that the . . . stated [assertions concerning removal] in fact occurred." Aplt. Opening Br., Addendum B at 1. We reject this document. It does not qualify as Arriaya-Flores's own declaration. *See* 28 U.S.C. § 1746 (providing for an unsworn declaration "in writing *of such person which is subscribed by him*, as true under penalty of perjury" (emphasis added)). Further, contrary to the assertion of Arriaya-Flores's counsel, this document is not authorized by 10th Cir. R. 10.3(D)(1), which requires an appellant to include in the record a copy of "the pages of the reporter's transcript" when appealing "the admission or exclusion of evidence." This document is clearly not a transcript, and was neither admitted nor excluded from the administrative proceedings—indeed, it did not come into existence until months after the proceedings closed. Finally, to the extent the document could be viewed alternatively as counsel's own declaration, it it entirely hearsay, providing little reliable evidence.[2] Thus, Arriaya-Flores has failed to

---

[2] Additionally, we must "decide [Arriaya-Flores's] petition [for review] only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). The purported declaration is not in the record.

adequately support his claim that ICE misled and coerced him into waiving his rights and signing the Notice of Intent.[3]

Arriaya-Flores also argues that ICE violated his due process rights by "fail[ing] to properly acknowledge the legal representation by Counsel." Aplt. Br. at 46. He contends that "ICE's policy of not allowing G-28s to be filed until the alien is not only in the custody of ICE but has been charged" prevented counsel from entering an appearance until after he was in custody and had waived his rights. *Id.* at 44. But as Arriaya-Flores acknowledges, the reason ICE does not accept G-28 forms before an alien is in custody and charged is that "[o]therwise, ICE . . . cannot track which G-28 goes to which alien." Aplt. Br. at 11. "[I]t is a touchstone of administrative law that the formulation of procedures is basically to be left within the discretion of the agencies to which Congress had confided the responsibility for substantive judgments." *Sidabutar*, 503 F.3d at 1120 (quotation and brackets omitted). Arriaya-Flores has not shown that ICE's policy is an abuse of discretion. Indeed, ICE's policy is consistent with the regulation that "commence[s] [expedited

---

[3] Insofar as Arriaya-Flores asserts that the language in the Notice of Intent was not understandable, he fails to devote any supporting argument or authority. We therefore do not consider that assertion. *See Herrera-Castillo v. Holder*, 573 F.3d 1004, 1010 (10th Cir. 2009) (explaining that an alien waives an issue by failing to make argument or cite authority to support his assertion); *see also* Fed. R. App. P. 28(a)(9)(A) (requiring that an appellant's argument be supported by contentions and reasoning, with citations to authorities and parts of the record on which the appellant relies).

removal proceedings] upon personal service of the Notice of Intent upon the alien."
8 C.F.R. § 1238.1(b)(2)(i).

Moreover, the timing of the G-28's submission had no effect on Arriaya-Flores's waivers, given that despite having signed the G-28 roughly one month before being detained by ICE and thus being aware of counsel's representation, he nevertheless refused the opportunity to telephone counsel and take advantage of that representation before waiving his rights. Consequently, Arriaya-Flores was not harmed by ICE's policy, and therefore, his due process rights were not violated, *see Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009) ("To prevail on a due process claim, an alien must establish not only error, but prejudice.").

## CONCLUSION

Because Arriaya-Flores failed to exhaust his administrative remedies, his petition for review is DISMISSED. But his motion for leave to proceed in forma pauperis is GRANTED. The government's motion to withdraw its motion for reconsideration of this court's order for re-certification of the record is GRANTED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

- 8 -