FILED
United States Court of Appeals
Tenth Circuit

January 8, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HUBER ERASMO CIFUENTES,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 12-9542
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

The immigration judge (IJ) determined that Huber Erasmo Cifuentes had

abandoned his application for relief under section 203 of the Nicaragua Adjustment

and Central American Refugee Act (NACARA) because, contrary to a directive in

the notice setting his hearing, Mr. Cifuentes did not have his NACARA application

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ready for filing at the hearing. The Board of Immigration Appeals (BIA) dismissed Mr. Cifuentes' appeal, holding that he had notice of the filing deadline and that the IJ properly deemed his application abandoned when he failed to timely file it. *See* 8 C.F.R. § 1003.31(c). Before this court, Mr. Cifuentes renews his argument that he was denied procedural due process because he did not have adequate notice to present his NACARA application at the hearing. Our review of this constitutional question is de novo. *See Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009).

"An alien in removal proceedings is entitled only to the Fifth Amendment guarantee of fundamental fairness. Therefore, when facing removal, aliens are entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful matter." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (internal quotation marks and citation omitted). "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Accordingly, "[a]n elementary and fundamental requirement of due process . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*

The administrative record contains a Notice of Hearing in Removal Proceedings dated June 4, 2009, scheduling Mr. Cifuentes' hearing for July 7, 2009.

On the notice's last line listing "Attachments," the box for "Other" is checked, and a hand-drawn arrow points to a stamp in the right side of the bottom margin of the page. This stamp states:

> Any and all Applications are due on this hearing date – to be filed in person at the Oklahoma City Court. Applications and other filings must follow the EOIR Practice Manual Guidelines to be accepted. Any Applications not filed on this date may be deemed abandoned by the Judge.

Admin. R. at 306. Mr. Cifuentes asserts that this stamp did not constitute adequate notice that he was to appear at the hearing with his NACARA application in hand. His attorney actually received the June 4, 2009, hearing notice, but apparently either did not see it or did not understand that it required Mr. Cifuentes to have the NACARA application ready for filing at the hearing.

The stamp is in slightly smaller text than the remainder of the notice, but it is not hidden or unreadable. In plain language, and a month in advance, it establishes a deadline for filing applications and advises of the potential consequences for failing to meet the deadline. If counsel had any questions or concerns about the advisement, such as the source of authority for issuing it or how it might be relevant to Mr. Cifuentes' case, he could have contacted the immigration court for more information. Although we recognize that the result may be harsh, in "our system of representative litigation," Mr. Cifuentes "is deemed bound by the acts of his lawyer-agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962). Counsel's

- 3 -

failure to understand the import of the stamp does not mean that the notice was so inadequate as to work a denial of due process.

The petition for review is denied.

Entered for the Court


Monroe G. McKay
Circuit Judge