# Matter of Viviana Alejandra GUADARRAMA de Contreras, Respondent

File A097 663 291 - Orlando

*Decided September 23, 2008*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who has made a false claim of citizenship may be considered a person who is not of good moral character, but the catch-all provision of section 101(f) of the Immigration and Nationality Act, 8 U.S.C. § 1101(f) (2006), does not automatically mandate such a finding.

FOR RESPONDENT: Lisa Cochrane, Esquire, St. Petersburg, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Alexandra Rivas, Assistant Chief Counsel

BEFORE: Board Panel: FILPPU, PAULEY, and HESS, Board Members.

PAULEY, Board Member:

In a decision dated December 29, 2006, an Immigration Judge found the respondent removable and denied her application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (2006), holding that she lacked the requisite good moral character. The respondent, a native and citizen of Mexico, has appealed from that decision. The appeal will be sustained.

The only issue on appeal is whether the respondent is barred from establishing good moral character under section 240A(b)(1)(B) of the Act because she falsely claimed to be a United States citizen on a Form I-9 (Employment Eligibility Verification) to obtain employment.[1] Section 101(f)

---

[1] The respondent evidently checked the box on the Form I-9 indicating that she is a "national or citizen" of the United States. She does not dispute that her act constituted a false claim to United States citizenship, and we therefore do not reach the issue. Such conduct has been held insufficient to support a criminal conviction under 18 U.S.C. § 911. *See United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004). However, whether it is sufficient for immigration purposes requires a case-by-case assessment of the alien's intent.

(continued...)

of the Act, 8 U.S.C. § 1101(f) (2006), provides that no person can establish good moral character if he or she is within any of certain classes enumerated in the statute. In addition, a "catch-all" provision at the end of the section states that "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." *Id.* A person who has made a false claim of citizenship is not specifically barred from establishing good moral character under any of the "classes" in section 101(f) but could nevertheless be found to lack good moral character under the "catch-all" provision. However, we conclude that such a finding is not mandated by the language of section 101(f). *See generally Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (stating that "in construing a statute, courts must first look to the plain meaning of the statute itself"); *Matter of Briones*, 24 I&N Dec. 355, 361 (BIA 2007) (finding the touchstone of statutory construction to be the plain language of the statute); 8 C.F.R. § 1003.1(d)(3)(ii) (2008) (stating that the Board reviews questions of law de novo).

The Immigration Judge determined that the respondent is precluded from establishing that she is a person of good moral character under the "catch-all" provision of section 101(f) of the Act . The Immigration Judge correctly noted that the statute was amended in 2000 to include an exception to the "catch-all" provision that would prevent certain aliens who made a false claim to citizenship, but who reasonably believed themselves to be United States citizens, from being found lacking in good moral character for immigration purposes. *See* Child Citizenship Act of 2000, Pub. L. No. 106-395, § 201, 114 Stat. 1631, 1633. However, the Immigration Judge further found that Congress intended that all those who did not fall within the exception would be precluded from showing good moral character under the "catch-all" provision, stating that "[i]f falsely claiming to be a U.S. citizen did not compel a finding of bad moral character, the exception at the end of section 101(f) of the Act would be surplusage." Because the respondent did not fall within the exception, the Immigration Judge concluded that she was precluded from establishing good moral character.

We disagree with the Immigration Judge's analysis. The exception, which relates to certain persons who make a false representation while reasonably believing themselves to be citizens, was designed to *foreclose* a finding that the person lacked good moral character under the circumstances described. However, it does not follow from this that the "catch-all" provision *requires*

---

(...continued)
*See Hashmi v. Mukasey*, 533 F.3d 700 (8th Cir. 2008); *Theodros v. Gonzales,* 490 F.3d 396, 401n.7 (5th Cir. 2007).

an affirmative finding of a lack of good moral character in all other instances involving a false claim of citizenship.

We find that a person, such as the respondent, who has made a false claim of United States citizenship may be considered a person who is not of good moral character. Section 101(f) of the Act does not, however, mandate such an outcome. *See Matter of K-*, 3 I&N Dec. 180, 181-82 (BIA 1949) (stating that the alien was not precluded from showing good moral character where he made a false claim of citizenship in order to keep his job); *Matter of K-*, 3 I&N Dec. 69, 71 (BIA 1947) (stating that while the alien's actions in misrepresenting himself as a citizen to obtain employment were not condoned, they did not preclude him from establishing good moral character). Accordingly, we will reverse the Immigration Judge's finding that the "catch-all" provision of section 101(f) of the Act bars the respondent from showing good moral character.[2]

Although we might otherwise remand the record for the Immigration Judge to reassess whether the respondent lacked good moral character and merited a favorable exercise of discretion under all the circumstances, a remand for that purpose is not necessary because the Immigration Judge stated that he would have favorably exercised discretion and found the respondent to be a person of good moral character but for his conclusion that she was statutorily barred. *See Matter of K-*, *supra*, at 182 (stating that an alien's good moral character is not destroyed by a single lapse and that it should be determined by considering the person's actions generally and the regard in which he or she is held by the community as a whole); *Matter of U-*, 2 I&N Dec. 830, 831 (BIA, A.G. 1947) (stating that good moral character does not require moral excellence but is the measure of a person's natural worth derived from the sum total of all his actions in the community); *see also Posusta v. United States*, 285 F.2d 533, 535 (2d Cir. 1961) (stating that "a person may have a 'good moral character' though he has been delinquent upon occasion in the past; it is enough if he shows that he does not transgress the accepted canons more often than is usual"). The DHS did not appeal the Immigration Judge's favorable determinations regarding the factors relating to the respondent's moral character and the exercise of discretion.[3] Consequently, we find that the

---

[2] The Immigration Judge found that the respondent's conviction for the misuse of a social security number in relation to her employment was not a conviction for a crime involving moral turpitude. Because the DHS has not contested this finding, about which we express no opinion, the respondent is not barred from establishing good moral character under section 101(f)(3) of the Act.

[3] The Immigration Judge stated the following in assessing the respondent's moral character: "The Respondent is extremely active in her church. . . . The only negative factors that can

(continued...)

respondent has met her burden of establishing eligibility for cancellation of removal under section 240A(b)(1) of the Act.  Accordingly, the respondent's appeal will be sustained, and the record will be remanded for completion of the requisite background checks.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  Pursuant to 8 C.F.R. § 1003.1(d)(6), the record is remanded to the Immigration Judge for the purpose of allowing the Department of Homeland Security the opportunity to complete or update identity, law enforcement, or security investigations or examinations, for further proceedings, if necessary, and for the entry of an order as provided by 8 C.F.R. § 1003.47(h).

---

(...continued)

be attributed to the Respondent are her false claim to citizenship, misuse of a social security number, and unlawful entry into the United States, all of which were committed with the aim of providing a better life for herself and her child and which were not intended to cause harm to anyone."