FILED
United States Court of Appeals
Tenth Circuit

March 30, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

GOODLUCK YARED MWAGILE,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 09-9515
(Petition for Review)

---

### ORDER AND JUDGMENT[*]

---

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Goodluck Yared Mwagile, a native and citizen of Tanzania, seeks review of

an order entered by the Board of Immigration Appeals (BIA) affirming an

Immigration Judge's (IJ) removal order and denial of voluntary departure. The

agency determined that Mr. Mwagile had falsely represented that he was a United

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

States citizen on an employment form. Therefore, he was an inadmissible alien who could not seek readmission for ten years. *See* 8 U.S.C. § 1182(a)(9)(A)(ii)(I). We exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

## *Background*

Mr. Mwagile lawfully entered the United States in August of 2001 as a non-immigrant academic student to attend college in Wichita, Kansas. Before attaining a degree, he stopped attending college and began working without authorization. He also fathered a child while living in Kansas. In December of 2006, he married a United States citizen, with whom he had another child.

In June of 2007, Mr. Mwagile obtained employment in Tulsa, Oklahoma. At the time he began that employment, he signed an employment-eligibility form, Form I-9, on which he checked the box indicating he was a "citizen or national" of the United States.

In July of 2008, he was charged with being a removable or inadmissible alien because he failed to comply with the conditions of his non-immigrant student status, *see* 8 U.S.C. § 1227(a)(1)(B), and for falsely claiming United States citizenship, *see id.* § 1227(a)(3)(D). He conceded removability on the first charge, but he contested the charge that he had falsely claimed citizenship by checking the "citizen or national" box on his employment application. To avoid

-2-

removal on the conceded charge, Mr. Mwagile applied for an adjustment of status, to that of a permanent resident alien, based on his marriage.

The IJ held a hearing, at which Mr. Mwagile appeared pro se. He and his wife testified. On the Form I-9 issue, Mr. Mwagile testified that he checked the "citizen or national" box thinking he might be a national because he lived in the United States. He stated that he did not check the other boxes for "lawful permanent resident" or "alien authorized to work" because those did not apply. He also testified that he did not know what a "national" was. The IJ found this testimony not credible, ordered Mr. Mwagile's removal, and denied voluntary departure. The IJ also denied Mr. Mwagile's application for an adjustment of status.

Mr. Mwagile appealed to the BIA. The BIA concluded that the IJ's adverse credibility determination was supported by substantial evidence and Mr. Mwagile's procedural due process rights were not abridged. The BIA sustained the removal order, affirming the finding that Mr. Mwagile had falsely claimed citizenship and was therefore inadmissible. The BIA further denied Mr. Mwagile voluntary departure because he was ineligible due to his lack of good moral character. *See* 8 U.S.C. §1229c(b)(1)(B).

The removal order, based on the agency's finding that Mr. Mwagile had falsely represented that he was a United States citizen, rendered him inadmissible. 8 U.S.C. § 1182(a)(6)(C)(ii)(I). As an inadmissible alien, he may not seek

readmission for ten years. *Id.* § 1182(a)(9)(A)(ii)(I). The parties do not dispute that a waiver is not available for this ground of inadmissibility. *See id.* § 1182(h) (authorizing discretionary waiver for some classes of aliens that do not include those rendered inadmissible for falsely claiming citizenship).

On appeal to this court, Mr. Mwagile argues through counsel that (1) the BIA erred in affirming the IJ's credibility determination, (2) the BIA erred in affirming the IJ's finding that he was removable under § 1227(a)(3)(D) for falsely claiming citizenship, (3) the BIA erred in finding him ineligible for adjustment of status based on his marriage to a United States citizen, (4) the BIA erred in finding him ineligible for voluntary departure, (5) the BIA failed to take cognizance of his procedural due process claim, and (6) the ten-year reentry bar violates his equal-protection and due-process rights.

### *Analysis*

**A. Standards of Review.**

The BIA issued a brief order entered by a single member of the BIA under 8 C.F.R. § 1003.1(e)(5). We therefore review the BIA's decision as the final order of removal but "may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). In addition, "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds." *Id.* (quotation omitted).

-4-

While we review legal determinations de novo, our review of factual findings is governed by the substantial evidence standard. *See Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). Thus, we must "look to the record for 'substantial evidence' supporting the agency's decision: '[O]ur duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole.'" *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) (quoting *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004)). "The agency's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Ismaiel v. Mukasey*, 516 F.3d 1198, 1204 (10th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B) (further quotation omitted)).

"Credibility determinations are factual findings . . . subject to the substantial evidence test." *Uanreroro*, 443 F.3d at 1204. Accordingly, "we will not question the [IJ's] or BIA's credibility determinations as long as they are substantially reasonable." *Woldemeskel v. INS*, 257 F.3d 1185, 1192 (10th Cir. 2001). But an adverse credibility determination "may not be based upon speculation, conjecture, or unsupported personal opinion." *Chaib v. Ashcroft*, 397 F.3d 1273, 1278 (10th Cir. 2005) (quotation omitted). When evaluating a request for relief from removal, an IJ may base his credibility determination on inconsistencies and inaccuracies in the applicant's testimony, as well as "on [his] demeanor, candor, or responsiveness." 8 U.S.C. § 1229a(c)(4)(C).

**B. Adverse Credibility Finding.**

The IJ found not credible Mr. Mwagile's testimony that by checking the "citizen or national" box on his Form I-9, he intended to claim to be a national rather than a citizen, noting Mr. Mwagile's equivocal testimony about the definition of "national." The BIA determined that the IJ's adverse credibility finding was not clearly erroneous, observing that Mr. Mwagile testified that he did not know what a "national" was, but later said he might be a national, and still later suggested that a national might be someone living in the United States.[1] Mr. Mwagile argues that his testimony was not inconsistent and attempts to explain that his statements were reasonable.

While Mr. Mwagile's explanation for his inconsistent testimony may be plausible, a plausible explanation is insufficient to reverse an adverse credibility determination. Rather, having been adjudged not credible in the administrative proceedings, the burden is on Mr. Mwagile to identify record evidence showing that any reasonable adjudicator would be compelled to conclude to the contrary on the credibility issue. *See Uanreroro*, 443 F.3d at 1204. He has failed to make the required showing. We conclude that the agency's adverse credibility finding was based on substantial evidence and that no reasonable adjudicator would be

---

[1]     A "'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). "[T]he only remaining noncitizen nationals are residents of American Samoa and Swains Island." *Miller v. Albright*, 523 U.S. 420, 467 n.2 (1998) (Ginsberg, J., dissenting).

compelled to conclude to the contrary.  Consequently, the BIA's credibility determination will be upheld.

### C.  False Claim of Citizenship.

Mr. Mwagile next asserts that the BIA erred in affirming the IJ's determination that he falsely represented himself to be a United States citizen by checking the "citizen or national" box on the Form I-9.  He concedes that the burden was on him to show that by checking the "citizen or national" box and signing the Form I-9 he intended to claim to be a national, rather than a citizen. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1085 (10th Cir. 2007).  He argues that Form I-9 is ambiguous and he could have intended to claim to be a national based on the disjunctive wording on the form.  He further contends that the BIA failed to conduct the required assessment of his intent to falsely represent himself as a citizen and that his misunderstanding of the meaning of a "national" does not qualify as a misrepresentation.

Mr. Mwagile relies on *United States v. Karaouni*, 379 F.3d 1139 (9th Cir. 2004), as supporting his claim that the disjunctive "citizen *or* national" permits a conclusion that he claimed to be a national.  In that case, the Ninth Circuit held that checking the "citizen or national" box on a Form I-9 did not constitute a violation of 18 U.S.C. § 911, which makes it a crime for a person to "falsely and willfully represent[] himself to be a citizen of the United States," because it was not a crime to claim to be a national.  *Id.* at 1143.  By checking the "citizen or

national" box, the defendant did not necessarily claim to be a citizen, and claiming to be a national, even if false, did not violate § 911. *Id.* Moreover, whether it was implausible for the defendant to claim to be a national was not relevant; rather, "[o]nly an assertion that he was a citizen of the United States would have [violated § 911]." *Id.* at 1144.

In contrast to the criminal statute at issue in *Karaouni*, the statute applicable to Mr. Mwagile, 8 U.S.C. § 1182(a)(6)(C)(ii)(I), does not require a willful misrepresentation.[2] We have already upheld the BIA's determination that Mr. Mwagile's testimony was not credible. His equivocal testimony does not require a finding that he claimed to be a national, rather than a citizen. Thus, Mr. Mwagile has not met his burden of proof.

## D. Ineligibility for Adjustment of Status.

Mr. Mwagile also contends that because he was not inadmissible for falsely claiming citizenship, he was eligible for the discretionary relief of adjustment of status to that of a permanent resident alien. Because he had conceded removability, the burden was on Mr. Mwagile to show "clearly and beyond doubt" that he was eligible for adjustment of status and that the Attorney General should

---

[2] Mr. Mwagile further relies on *Forbes v. INS*, 48 F.3d 439, 444 (9th Cir. 1995), which is inapposite because it concerned whether a misrepresentation on the alien's visa application was material, an issue not present here.

exercise discretion and grant the requested relief. *See* 8 U.S.C.

§§ 1182(a)(6)(C)(ii)(I), 1229a(c)(2)(A); *Kechkar*, 500 F.3d at 1085.[3]

Although we are without jurisdiction to review the discretionary decision whether to grant adjustment of status, *see* 8 U.S.C. §1252(a)(2)(B)(I), we do have jurisdiction over Mr. Mwagile's claim that the BIA misapplied the legal standards for eligibility for an adjustment of status, *see Lee v. Mukasey*, 527 F.3d 1103, 1105 n.4 (10th Cir. 2008) (exercising appellate jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) over issue of statutory construction pertaining to status adjustment).

As applicable to Mr. Mwagile, in order to be eligible for a discretionary adjustment of status under § 1255(a), he was required to show that (1) he was admitted into the United States, (2) he applied for an adjustment, and (3) he is admissible. But as an alien who conceded removability, he was an applicant for admission, not an alien "admitted . . . into the United States" under § 1255(a). *See Kirong v. Mukasey*, 529 F.3d 800, 804 (8th Cir. 2008). Therefore, the BIA

---

[3]    Mr. Mwagile argues that he was not required to prove admissibility "clearly and beyond doubt" because he conceded removability only on the charge that he failed to comply with the conditions of his non-immigrant student status, a charge that does not render him inadmissible. He claims that the burden did not shift to him unless and until the agency showed by clear and convincing evidence that he had falsely claimed citizenship. He did not, however, raise this issue to the BIA. "[O]bjections to procedural errors or defects that the BIA could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review." *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008). Consequently, we do not address this issue.

did not incorrectly apply the legal standards pertaining to eligibility for an adjustment of status.

**E.  Ineligibility for Voluntary Departure.**

Mr. Mwagile next contests the BIA's determination that he was statutorily ineligible for voluntary departure because he was lacking in good moral character "under the catch-all provision of . . . 8 U.S.C. § 1101(f)."  Admin. R. at 4. Because we lack jurisdiction to consider discretionary aspects of voluntary-departure decisions, *Kechkar*, 500 F.3d at 1083, Mr. Mwagile characterizes this argument as one of statutory construction, arguing that the BIA incorrectly construed § 1101(f).  *See id.* (stating appellate jurisdiction reaches questions of law involving statutory construction).

Mr. Mwagile contends that the BIA failed to discuss the relevant factors, as required by *Matter of Guadarrama de Contreras*, 24 I. & N. Dec. 625 (BIA 2008).  The BIA cited to the *Guadarrama de Contreras* case, thus indicating its understanding that a determination under § 1101(f) that an alien is lacking in good moral character is not mandated, but requires evaluation.  The BIA determined that § 1101(f) applied to make Mr. Mwagile ineligible for voluntary departure.  Although the BIA's discussion is brief, "[t]he BIA is not required to write an exegesis on every contention.  What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a

reviewing court to perceive that it has heard and thought and not merely reacted."

*Ismaiel*, 516 F.3d at 1207 (quotation omitted). The BIA satisfied this standard.

### F. Procedural Due Process.

Although the BIA addressed whether Mr. Mwagile's procedural due process rights were abridged because he was not represented by counsel at the administrative hearing, he now avers that the BIA misconstrued his argument. He asserts that he was denied due process because the IJ "failed to maintain adequate safeguards in light of the fact that he was not represented." Aplt. Opening Br. at 29. According to Mr. Mwagile, the safeguards should have included (1) allowing him to tell his story by direct examination, rather than by answering questions posed by the IJ and government counsel; (2) ensuring that he was not intimidated by the proceedings; (3) preventing interruptions and repetition of answers; and (4) taking into account the language barrier, considering that Mr. Mwagile's English is limited. In addition, he notes that an attorney could have elicited explanations for his answers, which could have clarified apparent inconsistencies. He contends these errors prejudiced him by influencing the adverse credibility finding.

In removal proceedings, "the procedural safeguards are minimal because aliens do not have a constitutional right to enter or remain in the United States." *Schroeck v. Gonzales*, 429 F.3d 947, 951-52 (10th Cir. 2005) (quotation omitted). In those proceedings, "aliens are entitled only to procedural due process, which

provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 952 (quotations omitted).

The BIA found no indication that Mr. Mwagile "was 'unfairly prejudiced or prevented from presenting his case due to a language barrier.'" Admin. R. at 4 (quoting Mr. Mwagile's brief). The record reflects that on two occasions during the hearing, the IJ invited Mr. Mwagile to make whatever statement he wanted, *id.* at 227-28, 238; that Mr. Mwagile chose English as the language for the hearing, *id.* at 187; and that Mr. Mwagile was able to communicate in English. The record does not reflect that Mr. Mwagile was unduly intimidated by the proceedings, that he was unreasonably required to repeat his testimony, or that his testimony was adversely affected by interruptions. Therefore, petitioner's claim that his procedural due process rights were violated is without merit.

## G.  Equal Protection and Substantive Due Process.

Finally, we address Mr. Mwagile's claims that 8 U.S.C. § 1182(h) violates his rights to equal protection and substantive due process because it permits some types of inadmissible aliens to seek a waiver of the ten-year reentry bar of 8 U.S.C. § 1182(a)(9)(A)(ii)(I), but not those who, like Mr. Mwagile, falsely claimed United States citizenship. He argues that because he is ineligible to apply for a waiver of inadmissibility, he is being treated more harshly than aliens who are eligible for a waiver even though they have committed serious crimes,

-12-

while he has not.  He further maintains that the ten-year reentry bar shocks the conscience.

We review de novo a challenge to a statute's constitutionality. *Jurado-Gutierrez v. Greene*, 190 F.3d 1135, 1152 (10th Cir. 1999).  In the immigration context, the "guarantee of equal protection . . . provides that a statute shall not treat similarly situated persons differently unless the dissimilar treatment is rationally related to a legitimate legislative objective."  *Id.*  Judicial inquiry into immigration legislation is very limited given that "over no conceivable subject is the legislative power of Congress more complete than it is over the admission of aliens."  *Fiallo v. Bell*, 430 U.S. 787, 792 (1977) (quotation omitted).  Consequently, "in determining whether a rational basis exists for making distinctions between classes of aliens, we are especially deferential." *Latu v. Ashcroft*, 375 F.3d 1012, 1020 (10th Cir. 2004).  As we have explained,

> "a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993).  On rational-basis review, "those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it."  *Id.* at 314-15 (quotation omitted).

*Id.* (parallel citations omitted).

We conclude that the lack of a waiver in § 1182(h) for aliens who have falsely claimed citizenship survives rational-basis review because Congress has

-13-

an interest in preventing those entering the United States from lying about their citizenship. *See Reid v. INS*, 420 U.S. 619, 624 (1975) (holding that alien who falsely represented himself to be a citizen is deportable as one who has entered without inspection because he "significantly frustrated the process for inspecting incoming aliens"). Accordingly, we reject Mr. Mwagile's equal protection challenge.

Mr. Mwagile also claims that his substantive due process rights were violated because his removal order imposes a disproportionate penalty that bears no real and substantial relation to the objective of preventing fraudulent claims to citizenship. In support of this claim, Mr. Mwagile repeats his equal-protection arguments, which we also find unpersuasive in this context. He further asserts that the result of effectively barring his return to this country and his family shocks the judicial conscience.

"[S]ubstantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (citation and quotations omitted). To the extent Mr. Mwagile argues that the BIA's removal order shocks the conscience, we cannot agree. The removal order merely applied the laws enacted by Congress. We therefore reject Mr. Mwagile's substantive due process claim.

### *Conclusion*

The petition for review is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge