**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4336
_____

JULIETTE PRINCE-COLLINS,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-564-496)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 24, 2011
Before:  HARDIMAN, COWEN and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 24, 2011 )
_____

OPINION
_____

PER CURIAM

        Juliette Prince-Collins petitions for review of a final order of the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her

application for cancellation of removal.  For the following reasons, we will deny the

petition for review in part, and dismiss it in part.

Prince-Collins, a native and citizen of Dominica, entered the United States in 1990 on a B-2 visitor's visa that expired in February 1991. In December 2005, Prince-Collins applied for a United States passport with a false birth certificate.[1] When an officer of the United States Citizenship and Immigration Service questioned her about the validity of the birth certificate, Prince-Collins admitted that she was not born in the United States Virgin Islands. She was not prosecuted for the offense.

In 2006, Prince-Collins married a United States citizen. She then applied for adjustment of status. However, she was placed in removal proceedings under INA § 237(a)(3)(D), 8 U.S.C. § 1227(a)(3)(D), as an alien who has falsely represented herself to be a United States citizen, and under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant that has remained in the United States for a time longer than permitted. Prince-Collins conceded removability, and voluntarily withdrew her claim to adjust because she was ineligible for a waiver under INA § 212(i), 8 U.S.C. § 1182(i), due to her false claim of United States citizenship. She instead sought relief in the form of cancellation of removal.

After hearing testimony from Prince-Collins, her children,[2] husband, and forensic psychological social worker, the IJ denied her application for cancellation of removal.

---

[1] The false birth certificate stated she was born in the United States Virgin Islands.

[2] Prince-Collins has two United States citizen children from a previous marriage, a son born in 1993 and a daughter born in 2000.

2

The IJ found that Prince-Collins had proven continuous physical presence and had good moral character. He found as a matter of discretion that she had not established that her removal would result in exceptional and extremely unusual hardship, and thus denied her application. See INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1).

Prince-Collins appealed to the BIA, which affirmed the IJ's decision without an opinion in August 2009. In March 2010, Prince-Collins filed a motion to have the BIA's decision reissued, which was granted. Prince-Collins timely filed a petition for review with this Court.

The Government contends that we have no jurisdiction to review the discretionary denial of cancellation of removal and related unexhausted claims. We agree.

This Court generally lacks jurisdiction to review discretionary decisions regarding cancellation of removal. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003) (no jurisdiction to review "exceptional and extremely unusual hardship" determination). We, however, have jurisdiction to review "constitutional claims or questions of law." INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). In addition, our jurisdiction is limited to claims in which a petitioner "has exhausted all administrative remedies available . . . as of right." INA § 242(d)(1); 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). This requires that the petitioner place the BIA on notice of the issue on appeal. Wu v. Ashcroft, 393 F.3d 418, 422 (3d Cir. 2005). The BIA is "not require[d] . .

. to guess which issues have been presented." Lin v. Att'y Gen., 543 F.3d 114, 122 (3d Cir. 2008).

Prince-Collins argues that the IJ lacked discretion to deny her cancellation of removal once she established statutory eligibility. To the extent this raises a question of law that is reviewable under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), we may not review this claim because Prince-Collins failed to raise it to the BIA. In her appeal to the BIA, Prince-Collins argued that she satisfied the requirements for cancellation of removal and that the IJ abused his discretion in denying her application. These arguments do not suggest that Prince-Collins raised the issue that the IJ lacked discretion. Thus, we have no reason to believe that the BIA was on notice of her argument that the IJ lacks discretion to deny cancellation of removal once she established statutory eligibility.

Prince-Collins also argues that her false claim of United States citizenship should not have precluded her from receiving cancellation of removal because she timely retracted her false claim and the matter was de minimis. In denying her relief, the IJ determined that the negative factors, that she willfully and intentionally claimed to be a United States citizen to receive a benefit and did not disclose this information to her current husband, outweighed the positive factors, that her son's life may disrupted. Thus, the IJ's analysis of Prince-Collins' false claim of citizenship in denying her cancellation of removal was a matter of discretion, and beyond our jurisdiction to review. See Mendez-Moranchel, 338 F.3d at 179; In re C-V-T-, 22 I. & N. Dec. 7, 11 (BIA 1998) (in

4

exercising discretion, the IJ "must balance the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his (or her) behalf to determine whether the granting of . . . relief appears in the best interest of this country." (internal quotations omitted)). [3]

We have jurisdiction to entertain Prince-Collins' final argument, that the BIA erred by summarily affirming the case without addressing the BIA's opinion in In re Guadarrama, 24 I. & N. Dec. 625 (BIA 2008). See Smriko v. Ashcroft, 387 F.3d 279, 295-96 (3d Cir. 2004). Guadarrama held that an alien is not barred from establishing good moral character because she made a false claim of citizenship. Guadarrama, 24 I. & N. Dec. at 626. Prince-Collins argues that if a false claim to United States citizenship cannot prevent an alien from establishing good moral character, the IJ may not determine, in exercising his discretion, that the false claim prevents an alien from obtaining cancellation of removal. Prince-Collins' reading is too broad. A false claim of citizenship is an adverse factor that an IJ must balance in exercising his discretion. See In re C-V-T-, 22 I. & N. Dec. at 11. In re Guadarrama does not apply here. Therefore, the BIA did not err in affirming the IJ's decision without considering this opinion.

---

[3] To the extent that Prince-Collins attempts to raise a claim that her constitutional rights have been violated because the IJ's denial of relief due to her false claim of United States citizenship inflicted a penalty disproportionate to her offense, this claim fails. "Deportation proceedings . . . are purely civil action[s] to determine eligibility to remain in this country, not to punish." Scheidemann v. Immigration & Naturalization Serv., 83

For the foregoing reasons, we will deny the petition for review in part, and dismiss it in part.

F.3d 1517, 1520 n.4 (3d Cir. 1996).