FILED

DEC 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARISELA OROZCO DE MUNOZ, a.k.a. Marisela Orozco Cruz,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-72845<br><br>Agency No. A076-638-726<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Marisela Orozco de Munoz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's removal order.  Our jurisdiction is governed by 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review de novo claims of constitutional violations and questions of law. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

The agency correctly concluded that Orzoco de Munoz is ineligible to adjust status because she is inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) for having accrued more than one year of unlawful presence in the United States and then reentering without admission. *See Garfias-Rodriguez v. Holder*, No. 09-72603, 2012 WL 5077137, at *7 (9th Cir. Oct. 19, 2012) (en banc) (aliens who are inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) are not eligible for adjustment of status under 8 U.S.C. § 1255(i)).

We lack jurisdiction to review the agency's discretionary determination that Orozco de Munoz lacked good moral character under the catch-all provision of 8 U.S.C. § 1101(f). *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006). Orozco de Munoz's contention that the agency applied an incorrect legal standard for determining moral character is not supported by the record. *See Matter of Guadarrama De Contreras*, 24 I. & N. Dec. 625, 627 (BIA 2008).

In light of the determinations above, Orozco de Munoz's contentions that the agency's denial of adjustment of status and cancellation of removal violated

due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien

must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**