NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| JOSE JULIAN GOMEZ-BORBOA, | ) | No. 11-70191 |
| | ) | |
| Petitioner, | ) | Agency No. A073-947-619 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| ERIC H. HOLDER, Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2014[**]
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jose Julian Gomez-Borboa, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' upholding of the Immigration

Judge's denial of his Application for Cancellation of Removal.  See 8 U.S.C.

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

§ 1229b(b)(1).  We deny the petition in part, grant it in part, and remand.

(1)    In general, we do not have jurisdiction to review decisions "regarding the granting of relief under section . . . 1229b."  8 U.S.C. § 1252(a)(2)(B)(i). However, there is an exception for "constitutional claims or questions of law."  Id. § 1252(a)(2)(D); see also Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir. 2005).

(2)    Gomez asserts that when the BIA determined that he had not shown good moral character,[1] it engaged in impermissible fact-finding.[2]  He points out that the BIA referred to Gomez's multiple false claims of United States citizenship.[3]  He also asserts that the BIA committed legal error when it determined that he lacked good moral character because it treated his false claims of citizenship as a per se bar to a determination that he had good moral character.  See Guadarrama, 24 I&N Dec. at 626–27; see also Torres-Guzman v. INS, 804 F.2d 531, 534 (9th Cir. 1986); cf. Blanco v. Mukasey, 518 F.3d 714, 720–21 (9th Cir.

---

[1]See 8 U.S.C. § 1229b(b)(1)(B).

[2]That is a legal question over which we have jurisdiction.  See 8 C.F.R. § 1003.1(d)(3)(iv); Rodriguez v. Holder, 683 F.3d 1164, 1169–70 (9th Cir. 2012).

[3]A false claim of citizenship is a negative factor in the good moral character determination.  See 8 U.S.C. § 1101(f) (final paragraph, catch-all provision); Matter of Guadarrama de Contreras, 24 I & N Dec. 625, 626–27 (BIA 2008).

2

2008).

As to Gomez's first assertion, it is not clear whether the BIA was relying on the two instances found by the IJ where Gomez was actually caught making his false claims of citizenship, or Gomez's undisputed testimony, upon which the IJ did not opine, that he had made approximately ten separate false claims, or both.

As to Gomez's second assertion, the BIA specifically stated that, an alien who makes a false claim "may be considered a person who is not of good moral character," but that the catch-all provision "does not automatically mandate such a finding." However, it did not indicate whether it was considering other evidence of good moral character, about which the IJ made no findings at all.[4]

We recognize that we do not have jurisdiction to inquire into the BIA's discretionary determination that Gomez lacked good moral character. See 8 U.S.C. § 1252(a)(2)(B)(i); Lopez-Castellanos v. Gonzales, 437 F.3d 848, 854 (9th Cir. 2006). By the same token, we do not have jurisdiction to weigh the character evidence ourselves. See Gutierrez, 662 F.3d at 1087 n.4. However, the BIA did commit legal error when it failed to specifically indicate what evidence it had considered and whether it could utilize that evidence without further fact-finding.

---

[4]We note that Gomez was not denied the opportunity to present good moral character evidence. See U.S. Const. amend. V; Gutierrez v. Holder, 662 F.3d 1083, 1091 (9th Cir. 2011).

3

See Torres-Guzman, 804 F.2d at 534; see also Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005). Therefore, we cannot conduct the permitted (nay, required) review of its decision, and we grant the petition on that basis. See Delgado v. Holder, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc).

(3) Gomez finally asserts that the BIA improperly failed to rule on his motion to remand to the IJ. We disagree. There was no separately articulated motion to remand. His remand request was simply a part of the appeal itself and was disposed of when the BIA ruled on the appeal. See Narayan v. Ashcroft, 384 F.3d 1065, 1068 (9th Cir. 2004). We deny this portion of his petition.

Petition GRANTED in part, DENIED in part, and REMANDED. The parties shall bear their own costs on appeal.