17-2612-ag
Palaguachi v. Whitaker

BIA
Mulligan, IJ
A206 553 261

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of November, two thousand eighteen.

PRESENT:
            PIERRE N. LEVAL,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges,*
            SIDNEY H. STEIN,*
                    *District Judge.*
            ------------------------------------------------------
            RAMIRO PALAGUACHI,

                    *Petitioner,*

---

\* Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

v.                                                    No. 17-2612-ag

MATTHEW G. WHITAKER,
ACTING UNITED STATES
ATTORNEY GENERAL,

                    *Respondent*.
-----------------------------------------------------------------

FOR PETITIONER:        Manuel D. Gomez, New York, NY.

FOR RESPONDENT:        Madeline Henley, Attorney; Terri J. Scadron, Assistant
                       Director, Office of Immigration Litigation, *for* Chad A.
                       Readler, Acting Assistant Attorney General, Civil
                       Division, United States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of

the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED,

AND DECREED that the petition for review is DENIED.

Petitioner Ramiro Palaguachi petitions for review of his order of removal

to Ecuador.   He challenges a July 26, 2017 decision of the BIA reversing the May

3, 2016 decision of an Immigration Judge ("IJ") granting him cancellation of

removal for certain nonpermanent residents pursuant to 8 U.S.C. § 1229b(b)(1).

Here, Palaguachi was required to show, among other things, that he had been a

person of good moral character for ten years in the United States.   8 U.S.C.

§§ 1101(f), 1229b(b)(1). The BIA concluded that Palaguachi did not have the requisite period of good moral character under the "catchall" provision of 8 U.S.C. § 1101(f). In re Ramiro Palaguachi, No. A206 553 261 (B.I.A. July 26, 2017), rev'g No. A206 553 261 (Immig. Ct. N.Y. City May 3, 2016). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

Because the BIA reversed the IJ, we review the BIA's ruling as the final agency decision. Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005). The BIA denied relief based solely on Palaguachi's failure to show good moral character. "Good moral character" is defined in 8 U.S.C. § 1101(f), which identifies specific classes of crimes or conduct that are indicative of a lack of moral character and contains a catchall provision stating that "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." Pursuant to this catchall provision, the BIA concluded that Palaguachi's six arrests, including one related to driving while impaired and several related to domestic

3

violence or harassment, showed that Palaguachi lacks good moral character. Certified Administrative Record ("CAR") at 4–5.

The Immigration and Nationality Act generally limits review of the denial of discretionary relief, including cancellation of removal, to constitutional claims or questions of law.   8 U.S.C. § 1252(a)(2)(B)(i), (D).   Although we retain jurisdiction to review non-discretionary decisions related to cancellation, Sepulveda v. Gonzales, 407 F.3d 59, 62–63 (2d Cir. 2005), we lack "jurisdiction to review decisions . . . when the petition for review essentially disputes the correctness of . . . fact-finding or the wisdom of [the agency's] exercise of discretion . . . ."   Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir. 2008) (quotation marks omitted).   Here, Palaguachi's three purported legal claims simply dispute the BIA's discretionary choices.

First, Palaguachi argues that the BIA committed legal error when it reversed the IJ's determination "without explicitly ruling it to be clearly erroneous."   But consistent with the regulations, the BIA appropriately reviewed the IJ's determinations of law, discretion, judgment, and all issues

4

other than findings of fact or credibility determinations de novo, not for clear error.   8 C.F.R. § 1003.1(d)(3)(ii).

Second, Palaguachi contends that the BIA impermissibly found facts when it concluded that his "recent history of violent or dangerous criminal activity" defeated his claim of good moral character.   But the BIA did not engage in new fact finding; it simply reassessed the weight of Palaguachi's undisputed criminal history.   See Belortaja v. Gonzales, 484 F.3d 619, 624–25 (2d Cir. 2007).

Finally, Palaguachi contends that the BIA misconstrued its holding in In re Thomas, 21 I. & N. Dec. 20 (B.I.A. 1995), when it considered his arrests and criminal conduct that did not result in convictions.   But it is well settled that the agency may consider misconduct that does not result in a conviction when evaluating whether an alien merits discretionary relief.   See Wallace v. Gonzales, 463 F.3d 135, 139 (2d Cir. 2006).

Whether we have jurisdiction to review the BIA's determination of moral character pursuant to the catchall provision of 8 U.S.C. § 1101(f) where the petitioner raises no colorable constitutional claims or questions of law is an open question in this Circuit.   See Sumbundu v. Holder, 602 F.3d 47, 55 & n.6 (2d Cir.

2010). We decline to reach this issue here. Instead, we assume statutory jurisdiction and conclude that substantial evidence supports the BIA's determination that Palaguachi did not establish good moral character. See Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004) ("[A]s the jurisdictional issue goes to statutory and not constitutional jurisdiction, we may exercise hypothetical jurisdiction.");[1] Sumbundu, 602 F.3d at 52.

When applying the catchall moral character provision in 8 U.S.C. § 1101(f), the agency is required to determine whether the petitioner's conduct is "up to the standard of the average citizen." In re T-, 1 I. & N. Dec. 158, 159 (B.I.A. 1941); see also In re Guadarrama de Contreras, 24 I. & N. Dec. 625, 627 (B.I.A. 2008). Here, the BIA considered Palaguachi's positive factors, but found them outweighed by Palaguachi's "recent, repeated, harassing and violent conduct," including driving while impaired, "and the disregard of an order of protection, which reflects badly on his good moral character." CAR at 4–5. On this

---

[1] Although we may assume hypothetical jurisdiction only in "the narrowest of circumstances," Ortiz-Franco v. Holder, 782 F.3d 81, 86 (2d Cir. 2015), this "clearly meritless claim" is such a circumstance, see Funk v. Belneftekhim, 861 F.3d 354, 371 n.6 (2d Cir. 2017). We further note that the jurisdictional issue was not briefed by Palaguachi. See Abimbola, 378 F.3d at 180.

6

record, we cannot say that the BIA's re-evaluation of Palaguachi's good moral character was not "supported by reasonable, substantial and probative evidence in the record when considered as a whole." Castro v. Holder, 597 F.3d 93, 99 (2d Cir. 2010) (quotation marks omitted).

We have considered Palaguachi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court