NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 19-2355

———————————

ILMA ALEXANDRA SORIANO NUNEZ,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                            Respondent

———————————

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(A216-545-029)
Immigration Judge:  Alice Song Hartye

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2020

Before: McKEE, AMBRO, and PHIPPS, Circuit Judges

(Opinion filed: March 17, 2020)

———————————

OPINION*

———————————

AMBRO, Circuit Judge,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Ilma Alexandra Soriano Nunez seeks our review of the dismissal of her appeal by the Board of Immigration Appeals ("BIA"). The Immigration Judge ("IJ") denied Soriano Nunez's application for cancellation of removal and denied the motions to remand or continue her removal proceedings to await the disposition of her criminal proceedings. The BIA affirmed. For the reasons stated below, we deny the petition for review.

## I. Facts and Procedural History

### A. Background

Soriano Nunez is a native and citizen of the Dominican Republic who has lived in the United States since 1999. According to the Form I-213 ("Record of Deportable/Inadmissible Alien") submitted by the Department of Homeland Security ("DHS"), there is no record of her having been inspected and admitted.

In February 2018, Soriano Nunez was charged with passport fraud, falsely representing herself as a U.S. citizen, Social Security fraud, production of a fraudulent identification document, and aiding and abetting. She subsequently pleaded guilty to all charges.

### B. Removal Proceedings Before the IJ

In March 2018, DHS issued a Notice to Appear charging Soriano Nunez as removable under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, and INA § 212(a)(6)(C)(ii), 8 U.S.C. § 1182(a)(6)(C)(ii), as an alien who falsely represented herself as a citizen of the United States.

Soriano Nunez first appeared for removal proceedings in May 2018. She invoked her Fifth Amendment right to remain silent because of her criminal proceedings. She did not testify but did, however, deny all allegations and the charge of removability. The IJ sustained Soriano Nunez's charge of removability and denied her motion to continue the immigration proceedings to allow for the conclusion of her federal prosecution. In August 2018, Soriano Nunez appeared before a new IJ, continued to claim her Fifth Amendment privilege, and objected to the evidence submitted by DHS. That IJ declined to sustain the charge under § 212(a)(6)(C)(ii) (falsely representing to be a citizen), but granted DHS leave to submit additional evidence.

In January 2019, Soriano Nunez appeared before yet another IJ. The IJ admitted into evidence, over Soriano Nunez's hearsay objections, her application for cancellation of removal under § 240A(b) of the INA, 8 U.S.C. § 1229b(b), her Form I-213, and DHS's affidavit from a Department of State special agent. The IJ ruled that the evidence submitted by DHS was probative and fair. The IJ concluded that DHS established removability under § 212(a)(6)(A)(i) (alien present without being admitted) by clear and convincing evidence, noting, among other things, that the Form I-213 was reliable, that other evidence submitted by DHS (including Soriano Nunez's birth certificate and a report containing statements from her parents) indicated her alienage, and that Soriano Nunez herself confirmed her name and place of birth in her application for cancellation of removal. The IJ thus ruled that Soriano Nunez did not meet her burden to establish by clear and convincing evidence that she was lawfully present in the United States.

The IJ also sustained the charge of removal against Soriano Nunez under § 212(a)(6)(C)(ii) (alien who falsely represented herself to be a citizen). Although the IJ recognized that DHS cannot establish removability solely through a negative inference drawn from a Fifth Amendment assertion of silence, she concluded that DHS submitted "overwhelming" evidence—including Soriano Nunez's indictment, a Department of State investigation report, and passport applications—that, coupled with her silence, established removability.

Finally, the IJ denied Soriano Nunez's application for cancellation of removal because she failed to meet her burden of establishing that she satisfies all of the eligibility requirements and that she merits relief as a matter of discretion. The IJ observed that a person who has made a false claim of citizenship may be considered as lacking good moral character. Further, Soriano Nunez was unable to meet her burden as to the physical presence and hardship requirements, as she did not submit documents regarding her qualifying relatives or other relevant information.

## C. The BIA Affirms

The BIA dismissed Soriano Nunez's appeal, affirmed the IJ's rulings, and denied her motion to remand the case to the IJ pending the disposition of her criminal case. It held that the IJ did not violate Soriano Nunez's Fifth Amendment rights by drawing a negative inference from her refusal to testify, that her due process rights were not violated by the admission of the DHS's documentary evidence, and that the IJ correctly concluded that Soriano Nunez did not meet her burden of proof for cancellation of removal, as she did not rebut the evidence casting doubt on her moral character and failed

4

to establish the identity of her qualifying relatives. The BIA further rejected Soriano Nunez's argument that her immigration proceedings should have been continued, and her motion to remand granted, because there was no evidence that the denial of the motion to continue was arbitrary and capricious or that she suffered substantial prejudice.

## II. Discussion

We review the BIA's denial of a motion to remand and for a continuance for abuse of discretion, and we review underlying findings of fact for substantial evidence. *See Tilija v. Att'y Gen.*, 930 F.3d 165, 170 (3d Cir. 2019); *Khan v. Att'y Gen.*, 448 F.3d 226, 233 (3d Cir. 2006). Under the abuse-of-discretion standard, we reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir. 2004). Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we review both decisions. *Chen v. Att'y Gen.*, 376 F.3d 215, 222 (3d Cir. 2004). Constitutional and legal issues we consider *de novo*. *See Cadapan v. Att'y Gen.*, 749 F.3d 157, 159 (3d Cir. 2014)

First, the BIA neither abused its discretion in concluding that Soriano Nunez's motion to stay or continue her removal proceeding was properly denied, nor in denying the motion to remand her case to the IJ pending the conclusion of criminal proceedings. IJs may use continuances and administrative closures as a docket management tool and to "regulate the course" of immigration hearings. *See Zuniga Romero v. Barr*, 937 F.3d 282, 289, 297 (4th Cir. 2019) (holding that the INA permits immigration judges to control their own dockets); *see also* 8 C.F.R. §§ 1003.10(b), 1003.1(d)(l)(ii), 1240.l(a)(l), 1240.l(c). However, an IJ may grant a motion for a continuance only "for good cause

5

shown." 8 C.F.R. § 1003.29. A motion to remand is the functional equivalent of a motion to reopen. The BIA may deny such a motion if the movant (1) has not established *prima facie* eligibility for relief, (2) has not introduced previously unavailable, material evidence, or (3) if the ultimate grant of relief is discretionary and the BIA has determined the movant does not merit such relief. *See Korytnyuk v. Ashcroft*, 396 F.3d 272, 282 (3d Cir. 2005).

Here, Soriano Nunez argues that the IJ improperly denied her motion for a continuance based on facts drawn from unsupported allegations in unsworn affidavits and other inadmissible evidence from her criminal proceeding. That Soriano Nunez's criminal indictment was unresolved at the time of her removal proceeding made no difference because she gave her identity in her application for relief and other documentary evidence that supported the conclusion that she is a citizen of the Dominican Republic who entered the United States without authorization. In light of this evidence, Soriano Nunez did not refute the charge that she was removable. And given that she ultimately pleaded guilty, it is not clear that staying her proceeding would allow her to refute the evidence underlying her removal. *See Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 415-17 (A.G. 2018) (stating that good cause for a continuance does not exist where the potential for the collateral relief sought will not materially affect the outcome of removal proceedings). The BIA concluded Soriano Nunez did not establish *prima facie* eligibility for relief and thus appropriately denied her motion to remand as well.

Next, the BIA was correct to hold that the IJ did not violate Soriano Nunez's Fifth Amendment rights by drawing negative inferences from her refusal to testify during her

immigration proceeding. In immigration cases, which are civil in nature, the decision to remain silent can negatively affect a case, particularly when the immigrant does not dispute the charges of removability. *See INS v. Lopez-Mendoza*, 468 U.S. 1032, 1043–45 (1984); *Peña-Beltre v. Holder*, 622 F.3d 57, 62 n.3 (1st Cir. 2010); *Cabral-Avila v. INS*, 589 F.2d 957, 959 (9th Cir. 1978); *see also Matter of Guevara*, 20 I. & N. Dec. 238, 242 (BIA 1990). The IJ may draw adverse inferences from Soriano Nunez's refusal to answer questions during her removal hearing. Notably, the IJ did not base the removability determination on this inference alone, as the record independently established Soriano Nunez's removability. *Flores-Leon v. INS*, 272 F.3d 433, 440 (7th Cir. 2001) (citing *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1043–44 (1984) (observing that the petitioner's silence was irrelevant where the IJ found the case against him to be overwhelming). The Form I-213, Soriano Nunez's birth certificate showing her place of birth as the Dominican Republic, an interview conducted through the Department of State with her parents, as well as evidence submitted by Soriano Nunez herself, all provided evidence of her alienage.

Further, the BIA and IJ did not violate Soriano Nunez's due process rights by relying on hearsay evidence. The test for admissibility of evidence in immigration proceedings is "whether its use is fundamentally fair so as not to deprive the alien of due process of law." *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405 (3d Cir. 2003) (citation and internal quotation marks omitted). Here, the IJ admittedly relied on some unauthenticated and unsworn hearsay, but also on presumptively reliable documents. The Form I-213 has long been deemed to be inherently reliable. *See Antia-Perea v.*

7

*Holder*, 768 F.3d 647, 657 (7th Cir. 2014). Soriano Nunez presented no evidence to controvert the accuracy or reliability of the Form I-213. Moreover, her own evidence—including the admission of foreign birth in her cancellation application, as well as an unrefuted copy of her birth certificate—established a rebuttable presumption of alienage. *see Matter of Rodriguez-Tejedor*, 23 I. & N. Dec. 153, 164 (BIA 2001). Soriano Nunez presented no evidence to rebut this presumption. And, were there any error, she would still need to show prejudice to prevail on her due process claim. She could not do so because the IJ also relied on other compelling evidence to determine her removability. *Cf. Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006).

Finally, Soriano Nunez failed to establish she was eligible for cancellation of removal. To be eligible, she had to establish that she met four requirements: continuous physical presence of not less than 10 years, good moral character for that same period, an absence of disqualifying convictions, and, as a result of her removal, exceptional and extremely unusual hardship to a qualifying relative who is a United States citizen or lawful permanent resident. *See* 8 U.S.C. § 1229b(b)(1); *Pareja v. U.S. Att'y Gen.*, 615 F.3d 180, 185–86 (3d Cir. 2010). The IJ found that Soriano Nunez's application was deficient in several respects. Specifically, she did not establish the identity of her qualifying relatives or provide any other information necessary to demonstrate her eligibility for relief. The IJ also appropriately considered Soriano Nunez's ongoing criminal proceeding in reaching a decision about discretionary relief from removal. *Arias-Minaya v. Holder*, 779 F.3d 49, 54 (1st Cir. 2015) ("[I]n the context of determining whether an alien warrants discretionary relief from removal, the fact of an arrest and its

8

attendant circumstances . . . may have probative value in assessing [her] character . . . .").

And now that Soriano Nunez has pleaded guilty, she does not qualify for cancellation of removal, as she has admitted to committing a crime involving moral turpitude. *See Matter of Guadarrama de Contreras*, 24 I. & N. Dec. 625, 627 (BIA 2008) (holding that an alien "who has made a false claim of United States citizenship may be considered a person who is not of good moral character").

\* \* \* \* \*

Accordingly, we deny Soriano Nunez's petition for review.